UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>        Defendant. | Case No. 25-cv-10802-NW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 19 |

Before the Court is Plaintiff Maria Sanchez's motion to remand.  ECF No. 19.  For the following reasons, Plaintiff's motion is GRANTED.

**I.      BACKGROUND**

On or around July 20, 2020, Plaintiff purchased a 2019 Mercedes-Benz C300, VIN 55SWF8DB7KU295314 ("Subject Vehicle"), from Defendant Mercedes-Benz USA, LLC. Compl., ECF No. 1-1.  With the purchase, "Plaintiff received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." *Id*. ¶ 11.

"During Plaintiff's ownership of Subject Vehicle, the Subject Vehicle manifested defects covered by Defendant's express written warranties.  These defects include but are not limited to: engine system defects (Subject Vehicle's "defects")." *Id*. ¶ 12.[1]  Plaintiff alleges that these defects substantially impaired Plaintiff's use and value in the Subject Vehicle, and that Defendant has failed to repair the vehicle.

---

[1] Neither party has provided a timeline of when the issues with the Subject Vehicle arose or when Plaintiff requested repairs of the vehicle.

Plaintiff initiated this case on November 13, 2025, in Santa Clara Superior Court, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and a violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301-2312. Plaintiff seeks actual damages, restitution, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)," consequential and incidental damages, "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713," prejudgment interest, and for "costs and expenses of the suit, and for Plaintiff's reasonable attorneys' fees, pursuant to Civil Code section 1794(d)." Compl. ¶ 61.

Defendant removed the case to this Court on December 18, 2025. ECF No. 1. Defendant asserts that this Court has federal question jurisdiction, 28 U.S.C. § 1331, arising from Plaintiff's MMWA claim.[2]

Plaintiff now moves to remand this case to Santa Clara Superior Court. ECF No. 19. The motion is fully briefed. ECF Nos. 20, 21.

## II.    LEGAL STANDARD

The MMWA provides an independent basis for federal jurisdiction unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B); *see also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."). The party invoking federal jurisdiction has the burden of establishing jurisdiction, and pursuant to the MMWA, must establish the amount in controversy by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–701 (9th Cir. 2007).

---

[2] Defendant did not argue in the alternative that the Court has jurisdiction based on diversity jurisdiction. Despite the parties being diverse, the parties do not assert that the amount in controversy exceeds $75,000.

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.   DISCUSSION

The Court will have jurisdiction over Plaintiff's MMWA claim if Defendant can establish, by a preponderance of the evidence, that the amount in controversy exceeds $50,000.  The Court will then be able to exercise supplemental jurisdiction over Plaintiff's remaining claims under the California Song-Beverly Act, which arise out of the same common nucleus of operative fact—the breach of warranty of the Plaintiff's allegedly defective vehicle.  *See* 28 U.S.C. § 1367.  Here, Defendant has not met that burden.

Courts typically begin the analysis of the amount in controversy by evaluating the alleged actual damages.  Under the Song-Beverly Act, actual damages are "equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 WL 9529451, at *4 (N.D. Cal. Oct. 14, 2022).   Defendant's notice of removal is devoid of any allegations or evidence of the Subject Vehicle's actual purchase price.  Defendant asserts only – with no support – that "the amount in controversy exceeds $50,000.00."  ECF No. 1 at 3.

Instead, the only evidence of the Subject Vehicle's cost has been submitted by Plaintiff. Plaintiff attached her Retail Installment Sales Contract to her motion to remand.  *See* Declaration of Michelle Yang, ¶ 8, Ex. 2, ECF No. 19-1.  The Installment Sales Contract indicates that while the total price of the Subject Vehicle was $50,475.92, Plaintiff financed the vehicle and agreed to pay monthly installments of $631.61, beginning in September 2020 through August 2026. Defendant has not provided any information about Plaintiff's payment history, including for example, whether Plaintiff stopped making payments after the issues with the Subject Vehicle arose or whether Plaintiff has paid for the vehicle in full.  *See Duffy v. FCA US, LLC*, No. 24-CV-07540-BLF, 2025 WL 3219897, at *2 (N.D. Cal. Nov. 18, 2025) (holding that defendant had provided insufficient evidence when defendant only submitted a declaration with the vehicle's Manufacturer's Suggested Retail Price).  Even assuming Plaintiff has continued to timely make her monthly payments, Plaintiff's Installment Sales Contract runs through August 2026; it is therefore plausible that Plaintiff has not yet paid the entire purchase price of the vehicle.  Without

3

more, the Court has no indication of the actual damages of the vehicle, let alone whether the actual damages exceed $50,000. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (a plaintiff's recovery, and likewise the amount in controversy, is limited to "payments actually made"). The Court finds that Defendant has not shown the amount of actual damages by a preponderance of the evidence.

Defendant asks the Court to additionally factor in the civil penalties, attorney's fees, and incidental damages Plaintiff seeks. Defendant urges that these categories taken together amount to over $50,000. But, for the same reasons the Court explained above, Defendant has not met its burden to allege these damages by a preponderance of the evidence. Because the amount of actual damages here is speculative, the amount of civil penalties, attorney's fees, and incidental damages are likewise uncertain. For example, Defendant argues that attorney's fees awards in Song-Beverly cases can be "substantial," and that "the Ninth Circuit has affirmed removal where the District Court 'conservative[ly]' estimated attorneys' fees to be 12.5% of the actual damages sought." ECF No. 1 at 3. Yet, Defendant has provided no evidence to support its estimate of the amount of attorney's fees aside from characterizing them in briefing as "substantial." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018) (holding that future attorney's fees awards may be excluded where they are too speculative).

The Court finds that Defendant has not shown that there is an amount in controversy that exceeds the $50,000 requirement under the MMWA and, accordingly, has failed to meet its burden to demonstrate that the Court has subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Santa Clara, for further proceedings.

**IT IS SO ORDERED.**

Dated: June 5, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

4